UNITED ST ATES DISTRICT COURT
DISTRICT OF MINNESOTA
Docket No. Criminal 23-160(04)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | DEFENDANT KEON PRUITT'S MOTION |
| | ) | TO REOPEN DETENTION HEARING |
| vs. | ) | PURSUANT TO BAIL REFORM ACT |
| | ) | TITLE 18, UNITED STATES CODE § 3142 |
| KEON PRUITT, | ) | |
| | ) | |
| Defendant. | ) | |

\*              \*              \*

The Court set a hearing (Docket 293) for 24 May 2023 on Defendant's and codefendants' waivers of the Interstate Agreement on Disposition of Detainers (IADA) and motions to return to state custody. (Docket 184). Defendant Pruitt and counsel requested that they be permitted to participate in the hearing remotely *via* Zoom as defense counsel was already in California with his entire extended family participating in the celebration of his grandson's graduation from high school and defendant was then in federal pretrial detention in the Sherburne County Jail (Jail).[1] Chambers advised that a bifurcated Zoom hearing was not an option. Chambers email 23 May 2023. The Court proceeded to hear the matter for the other three defendants so moving. Order (Docket 304). The Court said it would hear Defendant's case separately and continued his hearing.

---

[1] 
Now we are informed via this Court's Order (Docket 304) that the posture of this matter is appropriately viewed as under the Bail Reform Act rather than the IADA. Because Counsel was excluded from the 24 May hearing, he can only conclude that the basis of the switch to the Bail Reform Act from the IADA was something that happened at that hearing. Counsel does not have time to obtain a transcript of that hearing before filing this motion, but assumes the switch was due to representations made by the United States Attorney's Office (USAO) at that hearing.
Nonetheless, Defendant reasserts his Waiver and request to Return to State Custody (Docket 184) that remains *extant,* incorporates that motion herein by reference and seeks relief under Bail Reform Act to enlarge him to St. Cloud..

*Id*. at 2.  Pursuant to this Order Defendant now moves the Court to reopen the detention hearing pursuant to the Bail Reform Act, Title 18, United States Code, Section 3142.

Defendant again requests that he be returned to state custody at the Minnesota Correctional Facility – St. Cloud (St. Cloud) where he is serving a state-court sentence of 405 months on a Minnesota (Hennepin County) Murder in the Second Degree conviction.  His current release date is 8 April 2044.

Title 18, United States Code, Section 3142(c)(1) provides that the judicial officer presiding over the decision on pretrial detention of a defendant in a federal matter shall release a defendant on such conditions as will assure his appearance in court as required and will not endanger the safety of any person or the community.  Since Defendant is already serving a horrendously long state-court prison sentence, there is no possibility that he will miss court appearances or endanger the safety of any person or the community.  If the Court releases Defendant from federal custody to return to his incarceration in St. Cloud, these goals of pretrial release are met and the court must order his release on the condition that he return to state court incarceration.

Keeping Defendant in federal custody will severely impact the conditions of his incarceration.  As noted, Defendant is already serving a severe state-court sentence for the conduct that is the substantial basis for the instant federal racketeering charge.  In that context, this entire prosecution of him is superfluous.  But, that aside, it seems gratuitously cruel to increase the harshness of his incarceration and retard his rehabilitation with administrative segregation, (he is currently enduring), termination of his participation in correctional and rehabilitative programming, and delay or denial of his planned transfer to the Minnesota Correctional Facility – Stillwater (Stillwater) and attendant programming there.

At his indictment, Defendant was moved by writ of habeas corpus *ad prosequendum* out of St. Cloud and sent to federal custody at the Jail on 2 May 2023 where he was held from 2 May to 10 May 2023, when, after his bifurcated detention hearing 5 May and 9 May, 2023, he was returned to state custody in St. Cloud on 10 May.

Back in St. Cloud, a Minnesota Department of Corrections (MNDOC) lieutenant told him he had been placed on "long term writ status" meaning he had been removed from the prison "count sheet" and off all active and proposed treatment and rehabilitative program schedules. In other words, he no longer existed so far as MNDOC was concerned. He was to be returned to federal custody at the Jail on this "long term writ status".

At the time of his indictment, and while he was in St. Cloud, Defendant was actively participating in mental health counseling in the prison. He was counseling with a Mental Health Specialist as well as being seen once per month by a psychiatrist. He was taking medication for anxiety, anger management, depression, and post traumatic stress disorder. Defendant was poised to start chemical dependency treatment for opiate use, as he had been diagnosed by MNDOC with a "High Treatment Mandate" for chemical dependency. The chemical dependency counselor had told him this treatment could only take place at Minnesota Correctional Facility – Stillwater (Stillwater) because it was the only "closed custody facility" in the state that had this type of treatment facility. Besides, St. Cloud was merely a reception center, and he could not stay there indefinitely, so transfer to Stillwater was the only option for "closed custody" chemical dependency treatment. Also at St. Cloud, Defendant had applied for and been placed on the list of potential reading tutors, once he arrived at Stillwater. He also had planned to apply to take college courses, once he arrived at Stillwater. And, he would then be eligible to apply for the Industry Ingram Program for vocational training and begin parenting classes. Once transferred he would

be in more comfortable accommodations at Stillwater because of the length of his sentence and the above-described programming that would be available to him. Were he to be returned to state custody, he could also work and earn a modest amount of money to use for hygiene, clothing, shoes, and socks. Since he is now a non-person with MNDOC, it is possible that MNDOC no longer has documentation of the above applications and acceptances into the described programming. Now, with the Government having shipped him to the Jail, all this is lost to him. In addition, at this writing he has been transferred to administrative segregation with none of the above, though there is apparently no "keep-separate" request in effect.

## CONCLUSION

Based on the foregoing the Court should order that Defendant be returned to State custody in accordance with his request therefor pursuant to the Bail Reform Act.

Dated: 5 June 2023

Respectfully submitted,

JOHN C. BRINK, LAWYER

s/John C. Brink
John C. Brink
A.R. #11587
3730 Edmund Boulevard
Minneapolis, Minnesota 55406
Cellular:     612-382-6789
E-mail:  johncharlesbrink@gmail.com

ATTORNEY FOR DEFENDANT